FILED
United States Court of Appeals
Tenth Circuit

**March 31, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN EUGENE BARNETT,

Plaintiff - Appellant,

v.

CHARLES RAY, Warden; ROBERT
EZELL; BILL BOYD; DENNIS
JOHNSON; CARTWRIGHT;
MOORE; YANDALL; BREWER,

Defendants - Appellees.

No. 08-7087

(E.D. Oklahoma)

(D.C. No. 08-CV-00157-JHP-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Calvin Eugene Barnett, a state prisoner in the custody of the Oklahoma State Penitentiary proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to pay the initial partial filing fee as ordered by the court. We affirm.

## BACKGROUND

Barnett filed a complaint alleging civil rights violations (basically concerning the claimed destruction of his headphones during a prison lockdown) pursuant to 42 U.S.C. § 1983. He sought leave to proceed in forma pauperis ("IFP") before the district court under 28 U.S.C. § 1915. On June 12, 2008, the district court granted his § 1915 motion and ordered Barnett to pay the full amount of the $350.00 filing fee in installments and to pay an initial partial filing fee of $11.60 within twenty days, i.e., by July 2, 2008. Barnett failed to pay the initial filing fee.

In a July 24, 2008 minute order, the magistrate judge to whom the matter was referred granted Barnett's "motion to release funds" and directed payment of the initial $11.60 fee within fifteen days. Barnett failed to pay the fee. Accordingly, in a September 4, 2008 minute order, the district court dismissed, without prejudice, Barnett's action for failure to pay the initial partial filing fee in accordance with the magistrate judge's July 24, 2008 minute order. Final judgment was entered the same day. In a September 15, 2008, minute order, the

district court denied Barnett's Fed. R. Civ. P. 59(e) motion for rehearing. Barnett

appeals that order.

**DISCUSSION**

We review a district court's dismissal of a claim for failure to comply with

a court order to pay a filing fee for an abuse of discretion. Cosby v. Meadors,

351 F.3d 1324, 1326 (10th Cir. 2003). An abuse of discretion occurs when "the

trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable

judgment." Nalder v. W. Park Hosp., 254 F.3d 1168, 1174 (10th Cir. 2001)

(further quotation omitted).

We find that the district court did not abuse its discretion. Barnett's pro se

brief does not attempt to explain his failure to pay, nor does it challenge the

district court's dismissal. In his application to proceed IFP on appeal, he states

that he has "been in prison for 34 years, the only money that I have is in my

prison saving account. I only have about $321.63." Motion for Leave to Appeal

Without Prepayment of Costs or Fees at 9.[1] In a Statement of Institutional

Accounts dated May 30, 2008, the Trust Fund Officer certified that the average

monthly balance in Barnett's account for the six-month period immediately

---

[1]On October 28, 2008, Barnett filed a motion in our court to proceed IFP on appeal. That same day, we issued an order assessing costs and fees, payable in partial payments, although we stated we would "defer ruling on the substantive aspects of the request." 10/28/08 Order at 1. We denied a subsequent motion to proceed IFP on appeal as moot.

-3-

preceding was $58.02, and that 20% of that figure was $11.60.  The officer also

certified that the average monthly deposits to Barnett's account were $10.00, and

that 20% of that figure is $2.00.[2]  The only further explanation Barnett provides is

contained in his "Rule 4.0 Motion for Rehearing," where he similarly avers that

"he is a poor person without funds, or property, or relatives willing to assist him

---

[2]As we explained in <u>Cosby</u>:

Under the 1996 Prison Litigation Reform Act (PLRA), indigent
prisoners need not pay federal court filing fees in full prior to
initiating litigation or on appeal.  <u>See</u> 28 U.S.C. § 1915(b)(1).
Ultimately, however, "the prisoner shall be required to pay the full
amount of a filing fee."  <u>Id.</u>  The amount of the initial payment
depends on the average deposits to and balance in the prisoner's
inmate account.  The statute provides:
> The court shall assess, and when funds exist, collect, as
> a partial payment of any court fees required by law, an
> initial partial filing fee of 20 percent of the greater of–
>> A) the average monthly deposits to the
>> prisoner's account; or
>> B) the average monthly balance in the
>> prisoner's account for the 6-month period
>> immediately preceding the filing of the
>> complaint or notice of appeal.

<u>Id.</u>
The remainder of the filing fee is to be paid in monthly
installments.  The amount of each installment is prescribed by
§ 1915(b)(2):
> After payment of the initial partial filing fee, the
> prisoner shall be required to make monthly payments of
> 20 percent of the preceding month's income credited to
> the prisoner's account.  The agency having custody of
> the prisoner shall forward payments from the prisoner's
> account to the clerk of the court each time the amount in
> the account exceeds $10 until the filing fees are paid.

<u>Cosby</u>, 351 F.3d at 1326.

in paying for filing the complaint. . . . [It is a violation of the Oklahoma Constitution and the district court's order dismissing his case] to require any man to pay any costs of court, if he is a pauper, and without the means of doing so, and to deny him the issuance of such process, or the services of the officers when he is unable to pay for the same." Motion at 3, R. Vol. 1 at 82. Barnett has accordingly failed to persuade us that the district court abused its discretion when it dismissed Barnett's action without prejudice and denied his petition for rehearing.

## CONCLUSION

For the foregoing reasons, the district court's orders are AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge