FILED
United States Court of Appeals
Tenth Circuit

August 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CALVIN EUGENE BARNETT,

Plaintiff-Appellant,

v.

CHARLES RAY, Warden; ROBERT
EZELL, Assistant Warden; BILL
BOYD, Assistant Warden; DENNIS
JOHNSON, Chief of Security;
YANDELL; CARTWRIGHT, Property
Officer; MOORE, Librarian Officer;
BREWER, Unit Manager,

Defendants-Appellees.

No. 10-7007
(D.C. No. 6:09-CV-00176-JHP-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

Plaintiff-appellant Calvin Eugene Barnett, appearing pro se and in forma

pauperis, appeals the order of the district court dismissing his 42 U.S.C. § 1983

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint as untimely and ruling that other outstanding motions were moot. Our jurisdiction arises under 28 U.S.C. § 1291. We review the dismissal of a complaint for failure to comply with the applicable statute of limitations de novo, *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998), and we dismiss this appeal as frivolous.

On April 28, 2008, Mr. Barnett filed his original complaint in the district court. That action was dismissed without prejudice for failure to pay the initial partial filing fee, a disposition affirmed by this court on appeal. *Barnett v. Ray*, 320 F. App'x 823, 823 (10th Cir. 2009).

In his latest complaint, filed on May 5, 2009, Mr. Barnett charges that defendants acted under state law but, other than reciting various legal platitudes and alleging that defendants deprived him of "his personal and legal Property interest," R. at 10, the complaint does not tell us what happened to him to occasion this lawsuit. From the order of the district court and his opening brief on appeal, however, we learn that defendants, during a shake-down at the prison in which he was being held, allegedly confiscated Mr. Barnett's head phones, damaged them, and then refused to allow him to mail them to his home. Mr. Barnett states in his brief that the shake-down occurred on May 4, 2005.

"In a civil rights action brought under 42 U.S.C. § 1983, we apply the applicable state statute of limitations." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). At the time of the alleged incident, Mr. Barnett was an inmate

of the Oklahoma Department of Corrections, incarcerated in Holdenville, Oklahoma. We therefore apply Oklahoma's two-year statute of limitations for "injury to the rights of another, not arising on contract, and not hereinafter enumerated." Okla. Stat. Ann. tit. 12, § 95(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Thus, to be timely, Mr. Barnett's complaint needed to have been filed on or before May 4, 2007. Because Mr. Barnett's original complaint was not filed until April 28, 2008, well after the expiration of the two-year limitations period, the district court did not err in dismissing this case.

Mr. Barnett's argument that the district court was misled by defendants' attorney is completely unsupported. Because his complaint was untimely, dismissal was proper, and none of the other issues raised in Mr. Barnett's briefs will be addressed. Because Mr. Barnett "has failed to present any legal theory which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)." *Davis v. Kan. Dep't Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007). We therefore assess Mr. Barnett a strike as provided under 28 U.S.C. § 1915(g) for this frivolous appeal. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999).

This appeal is DISMISSED as frivolous.  Mr. Barnett is reminded of his obligation to continue making partial payments of his appellate filing fee until the entire balance is paid in full.

Entered for the Court

Deanell Reece Tacha
Circuit Judge