**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

STEVEN DOUGLAS McCARY,

     Petitioner-Appellant,

v.

ARI ZAVARAS; JOHN SUTHERS,
Attorney General of the State of
Colorado,

     Respondents-Appellees.

No. 10-1272
(D.C. No. 1:10-CV-00789-ZLW)
(D. Colo.)

STEVEN DOUGLAS McCARY,

     Petitioner-Appellant,

v.

ARI ZAVARAS; BRIGHAM SLOAN;
JOHN SUTHERS, Attorney General of
the State of Colorado,

     Respondents-Appellees.

No. 10-1273
(D.C. No. 1:10-CV-01035-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

    [*]    This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the

(continued...)

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

In two separate cases, Steven McCary, a Colorado state inmate proceeding pro se,[1] seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(A) so that he may challenge the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Because the district court denied a COA in each case, our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a). We hold that in neither case could a reasonable jurist conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, in each case, we **DENY** Mr. McCary's application for a COA and **DISMISS** the appeal.

## I. BACKGROUND

In his petitions to the district court, Mr. McCary sought to challenge two separate state court convictions: a July 2007 conviction for felony trespassing and menacing, for which he received a twelve-year sentence; and a September 2008

[*](...continued)
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. McCary is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] In the interest of judicial efficiency, we resolve the issues raised by Mr. McCary's two cases in one order.

conviction for felony trespassing and violating the conditions of his felony bail bond, where he was adjudicated to be a habitual offender and sentenced to eighteen years in prison. Mr. McCary filed his § 2254 petitions with the United States District Court for the District of Colorado during the pendency of his direct appeals of these convictions to the Colorado Court of Appeals.

Mr. McCary raised five claims across his two petitions to the district court. Regarding his 2007 conviction, Mr. McCary asserted that he was denied a fair trial because his conviction was based on testimony that was known to be false and perjured; that he was provided ineffective assistance of counsel; and that his due process rights were violated because evidence that allegedly would have supported a choice-of-evils defense was withheld. *McCary v. Zavaras*, No. 1:10-cv-01035-ZLW, 2010 WL 2400664, at *1 (D. Colo. June 15, 2010).

As for his 2008 conviction, Mr. McCary claimed that it was based on perjured testimony, which his attorneys and the prosecutor conspired to conceal. He also made the somewhat contradictory allegation that the prosecution failed to disclose exculpatory evidence, and that his attorneys, whom he alleged had the exculpatory information which the prosecution sought to hide, also failed to present that evidence to the jury at his trial. *McCary v. Zavaras*, No. 1:10-cv-00789-ZLW, 2010 WL 2428746, at *1 (D. Colo. June 15, 2010).

The district court dismissed both petitions without prejudice on procedural grounds, noting that direct appeals in both cases were still pending and that Mr.

3

McCary had therefore failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). Mr. McCary argued that exhaustion was unnecessary in these cases because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). In particular, Mr. McCary argued that exhaustion was unnecessary because both his trial counsel and counsel on direct appeal had either failed or refused to present exculpatory evidence—*viz.*, evidence that Mr. McCary claims would show that he is actually innocent. The district court rejected that argument, however, stating that

> [e]ven assuming trial and appellate counsel have provided ineffective assistance by failing to present exculpatory evidence, Mr. McCary fails to demonstrate that he cannot pursue his claims and present the exculpatory evidence in a state court postconviction motion after his direct appeal concludes. In fact, to the extent Mr. McCary is claiming counsel was ineffective, the Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in [postconviction] Crim. P. 35(c) proceedings."

*McCary*, 2010 WL 2428746, at *2 (quoting *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994)). Mr. McCary seeks COAs to appeal from these district court decisions.

## II. ANALYSIS

"A COA is a jurisdictional pre-requisite to our review" of the dismissal of a § 2254 petition. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *accord*

4

28 U.S.C. § 2253(c)(1)(A). We may only issue a COA where the applicant "has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). To overcome this hurdle, Mr. McCary must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted); *accord Miller-El*, 537 U.S. at 336; *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Where the district court ruled on procedural grounds, a COA may be granted only when "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

It is well-settled law that, as a matter of comity, federal courts should not consider a claim in habeas corpus proceedings until after the state courts have had the opportunity to act. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Osborn v. Shillinger*, 861 F.2d 612, 616 (10th Cir. 1988); *accord* 28 U.S.C. § 2254(b)(1)(A). Stated another way, "[a] state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006); *see also*

5

*Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).

To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case."); 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure* § 23.3b (5th ed. 2005) ("[T]he petitioner satisfies her exhaustion burden by raising a claim at all stages of the state's appellate review process (including discretionary state appeals)."); *see also Dever*, 36 F.3d at 1534–35 (noting that this opportunity for the state court to resolve the federal constitutional issues can come either on direct review of the conviction or in a post-conviction attack). Further, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts"—the substance of the federal habeas corpus claim must be fairly presented to the state courts. *Anderson*, 459 U.S. at 6.

We agree with the district court that Mr. McCary has not exhausted his available state court remedies in these cases, and thus federal review under § 2254 is inappropriate. When Mr. McCary filed his two petitions with the federal district court, his appeals challenging both convictions were pending

6

before the Colorado Court of Appeals. We recognize that "[a]n appellate court may give relief if state remedies are exhausted by the time it acts, even if those remedies were not exhausted when the habeas corpus petition was filed." *Osborn*, 861 F.2d at 616 (quoting *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984)) (internal quotation marks omitted); *see* 1 Hertz & Liebman, *supra*, § 13.3b ("[E]xhaustion of state remedies is not a necessary precondition to the *filing* of a federal habeas corpus petition, but is instead a condition that must be fulfilled before relief may be granted."). However, such is not the case in this instance. Mr. McCary's direct appeal from his 2008 conviction remains unresolved. Further, while the state appeals court has recently affirmed Mr. McCary's 2007 conviction and sentence, *see People v. McCary*, No. 07CA2277, 2010 WL 2956741 (Colo. App. July 29, 2010), he has yet to perfect his petition to the Colorado Supreme Court.

We make no determination as to the merits of the substantive issues raised in Mr. McCary's applications. We only conclude that reasonable jurists could not find the district court's exhaustion determination debatable, let alone wrong. Accordingly, we deny COAs to Mr. McCary.

We also deny Mr. McCary leave to proceed *in forma pauperis*, as he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*,

7

937 F.2d 502, 505 (10th Cir. 1991)) (internal quotation marks omitted).

### III.  CONCLUSION

For the foregoing reason, we **DENY** Mr. McCary's requests for COAs, and **DISMISS** these matters.  We further **DENY** Mr. McCary leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge