FILED
United States Court of Appeals
Tenth Circuit

October 27, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEVEN DOUGLAS McCARY,

Plaintiff-Appellant,

v.

KAREN PETERS, Deputy D.A., Boulder, Colorado; RICHARD IRVIN, Attorney at Law; GREGG FRIEDMAN, Attorney at Law; TERRY McCARY, ex-wife, alleged victim; ANGELITA VASQUEZ, prosecution witness; MARIENA HARRIS, prosecution witness,

Defendants-Appellees.

No. 10-1230
(D.C. No. 1:10-CV-00284-ZLW)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Steven Douglas McCary, a Colorado inmate proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil-rights complaint seeking damages. The district court dismissed the in forma pauperis (IFP) complaint and the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). We take jurisdiction under 28 U.S.C. § 1291. We conclude that this appeal is frivolous and therefore will be dismissed. We also deny Mr. McCary's request to proceed IFP on appeal.

*Background*

Claiming he was unfairly convicted of crimes in a Colorado state court, Mr. McCary filed the underlying lawsuit against the prosecuting attorney, his two defense counsel, and three witnesses who testified against him. At the time he filed the complaint, his federal habeas petition was pending.[1] The district court applied the rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that a damages claim under § 1983 will be dismissed unless the underlying conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ. R. at 26-27. In addition, the court held that the claims against defendants Peters, Vasquez, McCary, and Harris were barred by prosecutorial or witness immunity. Next, the court noted that defense attorneys

---

[1] This court subsequently denied a certificate of appealability in the habeas action because Mr. McCary had not exhausted his available state court remedies in the criminal case. *McCary v. Zavaras*, Nos. 10-1272 & 10-1273, 2010 WL 4016774, at *3 (10th Cir. Oct. 14, 2010) (unpublished).

are not state actors so are not subject to suit under § 1983.  Finally, the court held that Mr. McCary's conspiracy claims were insufficient because they were not supported by any specific facts to demonstrate the existence of an agreement and concerted action.

*Disposition*

"[W]e review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding."  *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).  Because Mr. McCary is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson,* 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

Having reviewed Mr. McCary's brief and the record, and applying the standard of review set out above, we affirm the district court's order dismissing Mr. McCary's complaint and the action as legally frivolous for the same reasons stated by that court.  To the extent he argues that the district court erred in refusing to appoint counsel for him, we find no abuse of discretion.  *See Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  Moreover, we determine that this appeal is frivolous, pursuant to § 1915(e)(2)(B)(i), because Mr. McCary "has failed to present any legal theory which could conceivably refute the district court's disposition."  *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007).

*Prior Occasions*

Having found this appeal to be frivolous and subject to dismissal under the provisions of § 1915(e)(2)(B)(i), Mr. McCary is advised that the dismissal of this appeal counts as a second "prior occasion" or "strike," under § 1915(g). *See Davis*, 507 F.3d at 1249 (holding that dismissals by district court and court of appeals in the same case each count as a strike). Mr. McCary "is reminded that if he accrues three strikes, he will no longer be able to proceed in forma pauperis in any civil action filed in a federal court unless he is in imminent danger of physical injury." *Thompson v. Gibson*, 289 F.3d 1218, 1223 (10th Cir. 2002) (citing § 1915(g)).

*Conclusion*

Mr. McCary's request to proceed IFP on appeal is DENIED, and he is ordered to immediately remit the unpaid balance of the filing fee. All pending motions are DENIED. This appeal is DISMISSED.

Entered for the Court

Deanell R. Tacha
Circuit Judge

-4-