FILED
United States Court of Appeals
Tenth Circuit

August 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDDIE MENDIA,

   Plaintiff-Appellant,

v.

CITY OF WELLINGTON, a
municipal corporation; BRONSON
LEE CAMPBELL; BILL UPTON;
KURT R. VOGEL, all individually
and in their official capacity,

   Defendants-Appellees.

No. 10-3312
(D.C. No. 6:10-CV-01132-MLB-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Plaintiff-appellant Eddie Mendia is a Hispanic man appearing pro se in the

district court and in this court.  He originally filed this action in Kansas state

court, asserting racial profiling and other claims under the federal and state

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutions and federal and state statutes.  The defendants—the City of

Wellington and three of its police officers—removed the case to federal court,

raised the defense of qualified immunity in their answer, and later filed a motion

to dismiss under Fed. R. Civ. P. 12(b)(1) and (6).  Mr. Mendia appeals from the

district court's November 2, 2010, Memorandum and Order dismissing his federal

and state claims.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  Procedural History

The facts relevant to this appeal are summarized as follows.  On

September 6, 2008, Mr. Mendia was stopped while driving by defendant

Bronson Campbell for failing to yield the right of way to a police car.  R. at 24,

¶¶ 37-38.  Officer Campbell also told Mr. Mendia that the police were conducting

a DUI saturation patrol, *id.*, and he asked Mr. Mendia if he had been drinking, *id.*

at 25, ¶ 40.  Mr. Mendia responded:  "I have been drinking all day."  *Id.*

Officer Campbell instructed Mr. Mendia to exit his vehicle, and Mr. Mendia then

began stating that he had not been drinking alcohol.  *Id.*

Defendant Bill Upton arrived on the scene.  *Id.*, ¶ 41.  Officer Campbell

explained the situation to Captain Upton and then began conducting field sobriety

tests on Mr. Mendia, despite Mr. Mendia's complaints that he had not been

drinking alcohol and that he had hurt his ankle earlier in the day and could not

complete the tests.  *Id.* at 26, ¶ 43.  Captain Upton radioed for assistance, and

defendant Kurt Vogel arrived. *Id.* at 13, ¶ 45. Mr. Mendia asserted in his complaint that the three officers proceeded to engage in a "Freak Out the Motorist" ("F.O.M.") technique of intense and threatening behavior towards him. *Id.* at 29, ¶¶ 52-55. Mr. Mendia ultimately passed the sobriety tests, however, and the officers released him with a citation for failure to yield the right of way. *Id.* at 32, ¶ 60.

Mr. Mendia contested the citation in municipal court, but he was convicted. He appealed to the state district court, which held a trial de novo. Mr. Mendia asserted in his complaint that Officer Campbell's testimony before the state district court was untruthful and that it was "orchestrated" by the city prosecutor. *See id.* at 33-34, ¶¶ 63-64. The court affirmed his conviction, concluding that it seemed "farfetched that the officer would just fabricate a story to justify a left turn citation." *See id.* at 33, ¶ 63.

Mr. Mendia did not pursue further direct appeal. Rather, he filed this civil rights suit in state court, asserting both federal and state-law claims centered around his allegations of racial profiling. As noted above, defendants removed the case to federal court. They raised the defense of qualified immunity in their answer, and Mr. Mendia filed a reply, asking the district court to set aside the state district court's verdict. *See* R. at 3 (District Court Docket Sheet, Doc. 15). Mr. Mendia later filed a motion to clarify and define the issues that would be remanded to state court. Defendants then filed a motion to dismiss for lack of

subject matter jurisdiction and for failure to state a claim under

Fed. R. Civ. P. 12(b)(1) and (6). Mr. Mendia filed a response in opposition.

The district court granted defendants' motion to dismiss. Noting that

Mr. Mendia's claims arose under 42 U.S.C. § 1983, the court explained that his

Fourth Amendment claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994), because it necessarily implied the invalidity of his conviction for failure

to yield the right of way, but his conviction had not been overturned.

R. at 283-84.[1] The district court further explained that Mr. Mendia's equal

protection claim under the Fourteenth Amendment failed because, although he

had alleged some facts tending to show that Officer Campbell acted with

discriminatory *intent*, he had not alleged facts showing that defendants' actions

had a discriminatory *effect*. *Id.* at 284-87. The court also explained that

Mr. Mendia's due process claims failed because he had not alleged sufficient

facts of racial profiling to support his Fourteenth Amendment claim, and police

officers cannot be held liable under the Fifth Amendment for failing to advise him

---

[1] The district court placed the dismissal of Mr. Mendia's Fourth Amendment claim based on the rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), under Fed. R. Civ. P. 12(b)(1), which covers a lack of subject matter jurisdiction. We have previously indicated, however, that a dismissal under *Heck* is for failure to state a claim, which falls under Rule 12(b)(6). *See Hafed v. Fed. Bur. of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2011) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007)).

We also note that a dismissal under *Heck* is without prejudice. *Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004).

of his rights under *Miranda v. Arizona*, 384 U.S. 436, 467-74 (1966). R. at 287-88. The court dismissed Mr. Mendia's Eighth Amendment claims because that amendment's "protections are not applicable prior to a conviction." *Id.* at 288. And the court dismissed his claims under 18 U.S.C. §§ 241, 242, 245, and 42 U.S.C. § 14141 because none of these statutes provides a private cause of action. R. at 288-89. Finally, the court declined to exercise supplemental jurisdiction over Mr. Mendia's state-law claims. *Id.* at 289.[2]

## II. Discussion

"Our review of the district court's dismissal of [Mr. Mendia's] complaint, for lack of subject matter jurisdiction and for failure to state a claim respectively, is de novo." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). "We assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff[]." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (internal quotation marks omitted). "However, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] We note that the dismissal of Mr. Mendia's state-law claims was without prejudice. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1045 (2011).

*Twombly*, 550 U.S. 544, 570 (2007))).  Because Mr. Mendia appears in this court pro se, we construe his pleadings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)).

Mr. Mendia's "briefs are difficult to understand[, but we] have tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007) (citation omitted).  Mr. Mendia argues that the district court erred by using *Heck* to shield the defendants, that his discrimination claims were plausible, and that this court should appoint counsel for him and remand his claims to state court for trial.  He also argues that the district court should have appointed counsel for him.  However, the district court docket sheet does not reflect that he filed a motion for appointment of counsel, and he has not indicated where he made such a motion.  *See generally* R. at 2-7.

We have carefully reviewed the parties' arguments in light of the record on appeal and the governing law.  We conclude that there is no error, and we affirm for substantially the reasons stated in the district court's November 2, 2010, Memorandum and Order.

Mr. Mendia's motion for this court to appoint counsel is denied.  The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge