FILED
United States Court of Appeals
Tenth Circuit

November 25, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JERRY LEE MAYS,

       Plaintiff-Appellant,

v.

TULSA COUNTY PUBLIC
DEFENDER'S OFFICE;
RICHARD WILLIAM COUCH,

       Defendants-Appellees.

No. 09-5099
(D.C. No. 4:09-CV-00241-CVE-FHM)
(N.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Jerry Lee Mays, an Oklahoma state prisoner proceeding pro se, appeals the

district court's judgment dismissing with prejudice his claims that his

constitutional rights were violated when he was convicted due to the ineffective

assistance of his public defender. He brought this action under 42 U.S.C. § 1983,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleging that he is factually innocent of the crimes for which he was convicted in an Oklahoma state court, but he was nevertheless convicted due to his attorney's inadequate representation. He also requests leave to proceed in forma pauperis (IFP) on appeal. We exercise jurisdiction under 28 U.S.C. § 1291. We deny Mr. Mays's request to proceed IFP because he has failed to present "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation omitted). We conclude that this appeal is frivolous and therefore will be dismissed.

*Background*

After Mr. Mays was charged in an Oklahoma state court with various crimes, defendant Richard William Couch, a public defender, was appointed to represent him. Following a jury trial, Mr. Mays was convicted of shooting with intent to kill, possession of a firearm, and assault and battery, all after former conviction of two or more felonies. His convictions were affirmed on direct appeal, and his sentences were modified to two consecutive prison terms of thirty years each.

Mr. Mays then filed the underlying civil-rights action against his public defender and the Tulsa County Public Defender's Office. After evaluating the complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), the district court dismissed the action with prejudice. The court held that the

-2-

complaint failed to state a claim upon which relief may be granted because to state a claim under § 1983, a plaintiff must allege a constitutional violation by a state actor, and neither the public defender nor the Tulsa County Public Defender's Office was a state actor. Further, the district court counted the dismissal as a first "prior occasion" or "strike," under 28 U.S.C. § 1915(g).

*Appellate Jurisdiction and Scope of Appellate Review*

Before considering the merits of Mr. Mays's appeal, we must determine this court's jurisdiction. We also clarify the scope of review. This court does not have jurisdiction over an untimely appeal. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

The district court entered judgment of dismissal on April 27, 2009. On May 1, 2009, Mr. Mays filed a motion to reconsider. Because this motion was filed within ten days of the judgment, it tolled the time to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A); *see Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (explaining the general practice to treat a motion to reconsider filed within ten days of a judgment as a tolling motion under Fed. R. Civ. P. 59(e)). The district court denied the motion to reconsider on May 6, 2009. Accordingly, the deadline for filing a notice of appeal was June 5, 2009, *see* Rule 4(a)(1)(A), but Mr. Mays did not file a notice of appeal by that date. Instead, on May 21, 2009, he filed a second motion to reconsider, which the district court

construed as a motion filed under Fed. R. Civ. P. 60(b), and denied on June 1, 2009.

Mr. Mays's notice of appeal was filed with the district court on July 2, 2009, one day past the deadline imposed by Rule 4(a)(1)(A). An inmate confined in an institution may be entitled to the benefit of the prison-mailbox rule, which provides that a notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Rule 4(c)(1). A prisoner invoking this rule may show timely filing "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." Rule 4(c)(1). Mr. Mays has submitted an affidavit signed under penalty of perjury in substantial compliance with § 1746 stating that he placed the notice of appeal in the mail on July 1, 2009. He attached a copy of the envelope showing a July 1 postmark and sufficient postage. We conclude that Mr. Mays has shown that his notice of appeal was timely and that this court has appellate jurisdiction.

Our jurisdiction extends only to the order denying the Rule 60(b) motion, however. The Rule 60(b) motion was filed more than ten days after the judgment, so it did not toll the time to file a notice of appeal from the judgment. *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006). Therefore, we review the order denying the Rule 60(b) motion.

*Merits*

We review an order denying relief under Rule 60(b) for an abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotation omitted), *cert. denied*, 129 S. Ct. 952 (2009). We liberally construe a pro se litigant's pleadings, but we do not serve as his "attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In his Rule 60(b) motion, Mr. Mays challenged the district court's determination that defendants were not state actors within the meaning of § 1983. He pursues this argument on appeal, although in this court he appears to limit his claims to the Tulsa County Public Defender's Office.

Mr. Mays's appellate arguments consist almost entirely of conclusory statements claiming baldly that his complaint stated a claim upon which relief may be granted. His appellate brief comes close to disentitling him to appellate review for failure to include any reasoned argument challenging the district court's judgment or pertinent legal authority. *See Garrett*, 425 F.3d at 841 (holding that claim was waived on appeal where it was supported by "mere conclusory allegations with no citations to the record or any legal authority for support"); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but

-5-

not adequately addressed."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived[.]"); Fed. R. App. P. 28(a)(9)(A) (providing that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Nevertheless, we have considered Mr. Mays's argument that the district court erred in holding that his public defender and the Tulsa County Public Defender's Office were not state actors for purposes of his § 1983 claims. We find no abuse of discretion in the denial of Mr. Mays's Rule 60(b) motion for substantially the reasons stated in the district court's opinion and order dated April 27, 2009. Moreover, we determine that this appeal is frivolous, pursuant to § 1915(e)(2)(B)(i), because Mr. Mays "has failed to present any legal theory which could conceivably refute the district court's disposition." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007).

*Prior Occasion*

Having found this appeal to be frivolous and subject to dismissal under the provisions of § 1915(e)(2)(B)(i), Mr. Mays is advised that the dismissal of this appeal counts as a second "prior occasion" or "strike," under § 1915(g). *See Davis*, 507 F.3d at 1249 (holding that dismissals by district court and court of appeals each count as a strike). Mr. Mays "is reminded that if he accrues three strikes, he will no longer be able to proceed in forma pauperis in any civil action

filed in a federal court unless he is in imminent danger of physical injury."

*Thompson v. Gibson*, 289 F.3d 1218, 1223 (10th Cir. 2002) (citing § 1915(g)).

*Conclusion*

Mr. Mays's request to proceed IFP on appeal is DENIED, and he is ordered to immediately remit the unpaid balance of the filing fee. This appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-7-