**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEE MAYS,

        Plaintiff-Appellant,

v.

WALTER DINWIDDIE,

        Respondent-Appellee.

No. 11-5047
(D.C. No. 4:07-CV-00671-GKF-PJC)
(N.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Jerry Lee Mays, an Oklahoma state prisoner appearing pro se,[1] seeks a

certificate of appealability (COA) to enable him to appeal the district court's

dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Mays is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

After careful review of the record, we conclude each of Mays's claims either lacks merit or are procedurally barred.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY the application for a COA and DISMISS the appeal.

## I. Background

Mays was convicted of several crimes arising from an incident at a Tulsa, Oklahoma business. Mays had parked his car in front of the dumpster for the Poultry Express Distributing Company, apparently with the intent of scavenging a discarded television. An employee of the company told Mays he was on private property and asked him to leave. At this point, Mays got into his car, put the car into reverse, and rapidly accelerated, causing the employee to push back from the car with his hands to avoid being struck. The employee, seeing that Mays had a gun, shouted a warning to his co-workers. A second employee retrieved an ax from his truck and threw the ax at Mays's taillight, where it lodged temporarily. Mays then stopped his car, pointed his gun over his shoulder and shouted, "I'll kill you . . . !" R., Vol. I at 399–400. The two employees ran inside to call the police and get help.

Mays then returned on foot, with the gun. An unarmed employee confronted him outside the company's entrance. Mays pointed his gun at the employee, who ran for cover. Mays fired at least four shots before two other employees returned with guns. Those employees attempted to shoot at Mays. A

gun held by one worker misfired, but another worker fired two shots back at Mays. Mays fired another shot, which ricocheted off of the building and hit one of the employees in the back. Mays then fled the scene but was arrested later that day.

Oklahoma charged Mays with shooting with intent to kill (Counts I and IV), felonious possession of a firearm (Count II), and assault and battery with a dangerous weapon (Count III)—all enhanced because Mays had two or more prior felony convictions. Mays was represented by counsel. After trial, a jury found Mays guilty on all counts but Count III, where the jury found Mays guilty of the lesser offense of assault and battery. Mays was sentenced to 40 years' imprisonment for Count I, 30 years' imprisonment for Count II, 90 days' imprisonment for Count III, and 40 years' imprisonment for Count IV. His sentences were set to run consecutively.

Mays, represented by counsel, directly appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA did not reverse Mays' convictions, but it modified his sentences for Counts I and IV from 40 years' imprisonment to 30 years' imprisonment for both counts. The OCCA affirmed his convictions and sentences for Counts II and III.

Mays then sought post-conviction relief in Oklahoma state court, which denied his petition. Mays's subsequent appeal to the OCCA was unsuccessful. He then filed a second application for post-conviction relief in the state district

court, which was also denied, and he pursued a second unsuccessful collateral appeal.

Mays then filed this habeas petition in federal court, claiming ineffective assistance of trial and appellate counsel.[2] The district court denied the petition, holding that Mays did not receive ineffective assistance of appellate counsel and that claims he received ineffective assistance of trial counsel either lack merit or were procedurally barred. *Mays v. Dinwiddie*, No. 07-CV-671, 2011 WL 1059806, at *5–7, 8 (D. Okla. Mar. 21, 2011). The court granted Mays's petition to proceed *in forma pauperis* on appeal.

Mays now seeks a COA from this court to enable him to appeal the denial of his habeas petition. In his petition, Mays raises the following grounds for relief: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial counsel, (3) improper jury instructions, (4) sentencing error, and (5) accumulated error violating his right to due process.

## II. Discussion

Without a COA, we lack jurisdiction to consider the merits of a state prisoner's habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only

---

[2] In 2009, Mays filed a § 1983 action alleging ineffective assistance of his public defender at trial, however that suit was dismissed by the district court, and the dismissal was affirmed by this court. *See Mays v. Tulsa Cnty. Public Defender's Office*, 354 F. App'x 314 (10th Cir. 2009). Further, a prior habeas petition initiated by Mays with respect to his 2001 second degree burglary conviction was dismissed by the district court and affirmed by this court. *See Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009).

if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Mays must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (quotations omitted).

Where the OCCA addressed the merits of a petitioner's claims, as it did in part here, "[the Anti-Terrorism and Effective Death Penalty Act (AEDPA) ]'s deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). To the extent any of Mays's claims were not raised in state court, he has no available remedy on federal habeas review. *Id.* §§ 2254(b), 2254(c).

Having thoroughly reviewed the record, we conclude Mays is not entitled to a COA on any of the issues that he seeks to pursue on appeal. As a threshold matter, we note the only issues Mays raises on appeal that were included in his

federal habeas petition are (1) ineffective assistance of appellate counsel, and (2) ineffective assistance of trial counsel. As a general rule, we will not consider issues on appeal that were not raised before the district court as part of the habeas petition. *See, e.g.*, *United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005) (declining to address an issue that the party "did not argue in district court," because in general we will not consider an argument not raised below, and "he [did] not argue on appeal that any special circumstance requires us to address this contention despite lack of preservation below"); *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition."). Mays's claims regarding improper jury instructions, sentencing error, and accumulated error violating the right to due process are therefore waived.[3]

As to Mays's remaining claims, we agree with the district court that they either lack merit or are procedurally barred. For substantially the same reasons discussed by the district court, we deny Mays's request for a COA.

### A. Ineffective Assistance of Appellate Counsel

In his difficult-to-comprehend petition and appellate materials, Mays contends his state appellate counsel was ineffective for failing to raise several claims of ineffective assistance of trial counsel. To prevail on his claims for

---

[3] Even if we reached the issues, we find them without merit as well.

ineffective assistance of counsel, Mays must show his counsel's performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Our review of counsel's performance under *Strickland* is highly deferential: "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "To be deficient, the performance must be outside the wide range of professionally competent assistance. In other words, it must [be] completely unreasonable, not merely wrong." *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quotation omitted).

The challenge is even greater for a petitioner under § 2254, as our review in such circumstances is "doubly deferential." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (556 U.S. 111) (2009). When assessing a state prisoner's ineffective assistance of counsel claim on habeas review, we "defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009). We also recognize that, "because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has not satisfied [the] standard." *Knowles*, 129 S. Ct. at 1420 (citation omitted).

Although it is difficult to ascertain Mays's precise arguments, he seems to assert that appellate counsel should have challenged the following purported errors by trial counsel: (1) failure to challenge the constitutionality of the sentence; (2) failure to object to prosecutor's questioning during voir dire; (3) failure to challenge the sentencing court's jurisdiction; (4) failure to present material facts that require vacating Mays's conviction and sentence in the interest of justice; (5) failure to object to a sentencing enhancement based on a prior conviction where that conviction was "stale" under Oklahoma law; (6) failure to question trial counsel's investigation, preparation, and objections; (7) failure to object to the double-counting of a prior conviction as both a basis for a crime charged and an enhanced sentence; (8) failure to object to an improper jury instruction that did not address assault and battery as a lesser included offense of assault and battery with a dangerous weapon; and (9) failure to object to the prosecutor's remarks during closing arguments.

Of Mays's nine contentions, he expressly raised only one in his habeas petition to the federal district court: appellate counsel's failure to question trial counsel's investigation and preparation. Additionally, although we generally will not consider assertions that were not raised before the district court, *see Windrix*, 405 F.3d at 1156, we construe Mays's complaint liberally to find he has also realleged another of his claims before the district court: appellate counsel's failure to challenge trial counsel's "failure to provide brief, to object to sentence

-8-

enhancement, to object to hearsay, to prepare for identification testimony, to object to prosecutor's improper statements." R., Vol. I at 45. For substantially the same reasons as set forth by the district court, we reject Mays's arguments on both of these points.

Oklahoma state courts found that Mays's appellate counsel did not provide ineffective assistance. The Oklahoma district court concluded that "Petitioner's appellate counsel was reasonably competent," R., Vol. I at 276, and the OCCA agreed: "The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default," *Id.* at 316. Although we agree with the substantive conclusion of the Oklahoma state courts, it is debatable whether they applied the correct legal standard.

In reviewing the effectiveness of appellate counsel, we focus on the merits of the omitted claims. In *Smith v. Robbins*, 528 U.S. 259, 285 (2000), the Supreme Court held that to show ineffective assistance of appellate counsel, a petitioner "must . . . show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" (citation omitted). If a petitioner makes this showing, he then must establish "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* Interpreting *Smith*, we have held that

the omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance. *Cargle v. Mullin*, 317 F.3d 1196, 1202–05 (10th Cir. 2003) (quotation omitted). When a habeas petitioner alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, counsel's failure to raise it is not constitutionally ineffective. *Id.* If the issue has merit, we must then determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *Id.* We note, however, that the Sixth Amendment does not require an attorney to raise every non-frivolous issue on appeal, "but rather [counsel] may select from among them in order to maximize the likelihood of success on appeal." *Cargle*, 317 F.3d at 1202 (citation omitted).

The OCCA's analysis of Mays's ineffectiveness allegations may have deviated from the controlling federal standard, as expressed in *Smith*, 528 U.S. at 285–86. The lesson of *Smith*, as explained in *Cargle*, 317 F.3d at 1202–05, is that to assess the effectiveness of appellate counsel, a reviewing court must consider the merits of unraised claims, and then decide whether the failure to raise a meritorious claim was deficient and would have been prejudicial. It is questionable whether the OCCA conducted this analysis. The OCCA's approach was not unambiguously improper, however, given that its language—"appellate counsel['s] fail[ure] to recognize or raise a claim, regardless of merit, is not and

cannot *alone* be sufficient to establish ineffective assistance," R., Vol. I at 316 (emphasis added)—can be read to suggest the existence of a multiple-step analysis consistent with *Smith*.

Ultimately, we need not decide whether the OCCA applied the correct legal standard. Indeed, even under de novo review—the standard applied if the OCCA's approach was erroneous—we find Mays's contentions lack merit. First, we find Mays has not posited any constitutional problems regarding appellate counsel's decision to decline to challenge trial counsel's preparation, diligence, and objections. Indeed, Mays provides no factual support for his allegations: he does not allege what additional preparation should have been undertaken, identify witnesses trial counsel should have interviewed, or identify the objections trial counsel should have made. Mays has not shown that appellate counsel performed deficiently in failing to raise this unsubstantiated claim.

Mays likewise provides no factual support for his second preserved allegation. He does not give us any reason to believe that appellate counsel had any meritorious ineffective assistance arguments at his disposal. Specifically, he does not explain how trial counsel failed to provide a brief, object to a sentencing enhancement, object to hearsay, prepare for identification testimony, or object to the prosecutor's improper statements. Mays's unsupported arguments and confusing narrative do not suggest the existence of constitutional concerns.

Mays's petition is insufficient to merit a COA on these allegations.

### B.    *Ineffective Assistance of Trial Counsel*

Mays also realleges his trial counsel was ineffective.  Although it is again difficult to comprehend Mays's precise arguments, it is clear his allegations do not suffice to merit a COA on this issue.  Mays's submissions do not identify any constitutional violations, and he has given us no reason to doubt the state court's description of his counsel's performance:

> Examination of the record reveals that Petitioner's arguments fail to overcome the first tier of the *Strickland* test.  Petitioner's experienced trial counsel and appellate counsel acted as [] reasonably competent attorneys under the facts and circumstances of this case.  Trial [counsel] conducted a preliminary hearing where he was afforded the opportunity to observe the demeanor and credibility of the State's witnesses.  He cross examined the State's witnesses at the preliminary hearing.  He filed a Motion to Quash.  He conducted a hearing on his Motions on January 27, 2005.  He filed a Motion to Produce and for the jury to assess punishment.  He obtained discovery.  At trial he exercised four peremptory challenges at jury selection.  He cross examined the State's witnesses.  He demurred to the State's evidence and sought a directed verdict.  He put on a defense and submitted proposed jury instructions.  A reviewing court should indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.

R., Vol. I at 275 (quotation omitted).

The Oklahoma court applied the correct legal standard under *Strickland*, and its analysis is sound.  For this reason, we need not consider whether Mays's claims are procedurally defaulted on account of the OCCA's determination that his ineffective assistance claims were procedurally improper because he did not

-12-

raise them on direct appeal.[4]  It suffices to say that Mays's habeas petitions do not state cognizable claims such that reasonable jurists could debate whether he suffered a constitutional violation.

We also note that any claim raised by Mays for the first time in his second state application for post-conviction relief, or in his federal petitions, is procedurally barred.  *See Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000); *Anderson v. Sirmons*, 476 F.3d 1131, 1139–41 (10th Cir. 2007).  Mays has not shown "cause or prejudice" for the default of any claims, and he has not demonstrated that a fundamental miscarriage of justice would result if his claims are not considered.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  For

---

[4]  As Oklahoma state courts noted, despite having a new attorney on appeal, Mays did not raise ineffective assistance arguments on direct appeal.  Under Oklahoma law, failure to raise ineffective assistance of counsel claims on direct appeal constitutes waiver, such that a petitioner may not make the claims the basis of a post-conviction application.  Okla. Stat. tit. 22, § 1086 (2001); *see also Berget v. State*, 907 P.2d 1078, 1081–85 (Okla. Crim. App. 1995).

Relying on this rule, on post-conviction review, the OCCA declined to consider Mays's claims of ineffective assistance of trial counsel as a result of his failure to raise the claims on direct appeal.  Then, in affirming the trial court's denial of Mays's second application for post-conviction relief, the OCCA endorsed the trial court's finding that the "claims presented in this second application for post conviction relief were the same issues raised in Petitioner's first application for post conviction relief, which was denied."  R., Vol. I at 348.  For this reason, it is possible that all of Mays's ineffective assistance of trial counsel allegations are procedurally barred.  Nevertheless, we decline to reach this issue, partly because we are not in a position to assess the adequacy of the trial record.

these reasons, Mays is not entitled to a COA on his ineffective assistance of trial counsel claims.

## III.  Conclusion

For the foregoing reasons, we DENY Mays's request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge