**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY LEE MAYS,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

Respondent - Appellee.

No. 14-5054
(D.C. No. 4:14-CV-00113-TCK-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

Jerry Lee Mays, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Mays was found guilty of two counts of shooting with intent to kill

(Counts I and IV), felonious possession of a firearm (Count II), and assault and

battery (Count III)—all enhanced because he had two or more prior felony

convictions. He was sentenced to 40 years for Counts I and IV, 30 years for Count

II, and 90 days for Count III, with the sentences to be served consecutively. He filed

---

*    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a direct appeal challenging his convictions and sentences. The Oklahoma Court of Criminal Appeal (OCCA) affirmed his convictions, but it reduced his sentences on Counts I and IV to 30 years.

Mr. Mays sought post-conviction relief in Oklahoma state court, but his petition was denied. His subsequent appeal to the OCCA was unsuccessful. He filed a second application for post-conviction relief in the state district court, which was also denied, and he pursued a second unsuccessful collateral appeal. Mr. Mays then filed his first § 2254 habeas petition in federal court. The district court denied the petition, and we denied his request for a COA. *Mays v. Dinwiddie*, 441 F. App'x 575, 576, 577 (10th Cir. 2011).

In 2011, Mr. Mays filed a second § 2254 petition in federal district court. The district court dismissed the petition, and Mr. Mays sought a COA to appeal the dismissal. We denied his request for a COA. *Mays v. Martin*, 512 F. App'x 799, 799 (10th Cir. 2013).

In March of this year, Mr. Mays filed a document that the district court construed as a § 2254 petition. The court directed Mr. Mays to file an amended petition to cure certain deficiencies. Mr. Mays did as he was directed. The district court then dismissed the amended petition for lack of jurisdiction because it was a second or successive petition filed without prior authorization from this court. Mr. Mays seeks a COA to appeal from that decision.

To obtain a COA, Mr. Mays must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

As the district court noted in its dismissal order, Mr. Mays' amended petition is a successive petition that challenges the constitutionality of his conviction and sentence, but Mr. Mays did not allege that he obtained the necessary authorization to bring a successive § 2254 petition. The court therefore correctly determined that it lacked jurisdiction to consider the § 2254 petition.

In his COA application, Mr. Mays fails to explain how the district court erred in dismissing his case for lack of jurisdiction. Reasonable jurists could not debate that the district court was correct to treat Mr. Mays' new petition as an unauthorized second or successive § 2254 habeas petition and to dismiss it for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk