**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DON MILTON STEELE,

Defendant - Appellant.

No. 15-3115
(D.C. Nos. 2:10-CR-20037-JWL-1 and
2:14-CV-02512-JWL )
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Don Milton Steele, proceeding pro se,[1] wants to appeal from the denial of his 28

U.S.C. § 2255 motion.  His request for a certificate of appealability (COA) was denied by

the district judge, prompting him to reapply here.  His request to this Court is frivolous.

We too deny a COA.

Steele was convicted by a jury of various drug, forgery, and counterfeiting

offenses as well as possession of a firearm in furtherance of a drug-trafficking crime.  He

was sentenced to 25 years' imprisonment.  We affirmed his conviction and sentence; the

---

[1] Due to his pro se status, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

United States Supreme Court denied certiorari review. *See United States v. Dyke*, 718

F.3d 1282 (10th Cir.), *cert. denied*, 134 S. Ct. 365 (2013).[2]

Steele's § 2255 motion alleges various ineffective assistance of counsel claims and

government misconduct in seeking to enhance his sentence based on a prior state court

drug conviction that had been expunged. In a thorough and cogent order, the district

judge rejected each claim.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of

habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA

"only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To make such a showing, Steele must demonstrate "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quotations omitted).

Steele does <u>not</u> challenge the judge's resolution of the ineffective assistance of

trial counsel claims. Instead, he argues the government improperly induced him into

committing the offenses (outrageous government conduct and/or entrapment) and abused

its power in seeking an enhancement to his sentence based on a prior expunged drug

conviction. But he never raised his outrageous government conduct and/or entrapment

argument in his § 2255 motion. *See Mays v. Dinwiddie*, 441 F. App'x 575, 578 (10th Cir.

---

[2] Dyke was the surname of Steele's co-defendant.

2011) ("As a general rule, we will not consider issues on appeal that were not raised before the district court as part of the habeas petition.").  In any event, his arguments are frivolous because they merely rehash those he made on direct appeal; arguments which we clearly rejected.  *Dyke*, 718 F.3d at 1285-93.

Because no jurist of reason could reasonably debate the correctness of the result reached by the district court, we **DENY** a COA and **DISMISS** this matter.  Although the district court permitted Steele to proceed on appeal without prepayment of fees, he is still required to pay all filing and docketing fees.  The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees may be excused.  Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge