FILED
United States Court of Appeals
Tenth Circuit

March 8, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERRY LEE MAYS,

     Petitioner - Appellant,

v.

TULSA COUNTY COURTHOUSE OF
OKLAHOMA,

     Respondent - Appellee.

No. 17-5010
(D.C. No. 4:16-CV-00738-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Jerry Lee Mays, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254 habeas application. We deny a COA and dismiss this matter.

Mr. Mays was convicted of two counts of shooting with intent to kill, felonious possession of a firearm, and assault and battery, all enhanced because he had two or more prior felony convictions. After pursuing state remedies, he unsuccessfully sought relief under § 2254. *See Mays v. Dinwiddie*, 441 F. App'x 575, 578 (10th Cir. 2011) (denying a COA). Since then, he has filed several unsuccessful motions for authorization in this

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court and at least two unauthorized second or successive § 2254 applications in the district court. *See In re Mays*, No. 15-5122, slip op. at 2 (10th Cir. Jan. 5, 2016) (unpublished) (summarizing Mr. Mays' procedural history).

In January 2016, this court denied Mr. Mays authorization to file a claim based on "a recently enacted Oklahoma state statute concerning mandatory minimum sentences." *Id.*, slip op. at 3. Undeterred, he filed in the district court a document entitled "Question to the Northern District Court of Oklahoma" which asked, " Do: new law or change law grant new appeal[?]" R. at 4. The court docketed the filing as a § 2254 application. Mr. Mays then filed an amended § 2254 application. The subject of both filings was whether Oklahoma's new Justice Safety Valve Act applied to Mr. Mays' sentences. The district court dismissed the § 2254 application as an unauthorized second or successive application, *see In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam), and Mr. Mays now seeks to appeal.

To appeal, Mr. Mays must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Mays fails to address the grounds for the district court's dismissal—that the district court lacked jurisdiction to consider the application because it was subject to the restrictions on second or successive § 2254 applications. Instead, he

focuses on the merits of his claims about the Oklahoma Justice Safety Valve Act. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision.

Mr. Mays has pursued relief under § 2254 with regard to these convictions. Therefore, he must obtain this court's authorization before filing another § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A). It is undisputed that Mr. Mays did not obtain this court's authorization before filing his 2016 § 2254 application; in fact, this court explicitly denied authorization for his claim in No. 15-5122. It follows that the district court had no jurisdiction to consider the 2016 § 2254 application. *See Cline*, 531 F.3d at 1251. Under these circumstances, no reasonable jurist could debate the decision to dismiss.

A COA is denied and the matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3