FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

August 23, 2022

Christopher M. Wolpert
Clerk of Court

_____

JERRY LEE MAYS,

    Petitioner - Appellant,

v.

CHRIS RANKINS,

    Respondent - Appellee.

No. 22-5047
(D.C. No. 4:22-CV-00225-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Jerry Lee Mays, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal from the district court's determination that his most recent

28 U.S.C. § 2254 application is an unauthorized second or successive § 2254 application

that it lacked jurisdiction to consider. *See* 28 U.S.C. § 2253(c)(1)(A). Mr. Mays has filed

an application for a COA, and what appears to be a supplement to his application.

Having reviewed both pleadings, we deny a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Mays appears pro se, we liberally construe his filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we do not make arguments for pro se litigants or otherwise advocate on their behalf. *Id.*

To obtain a COA, Mr. Mays must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Mays previously sought relief under § 2254 and was unsuccessful. *See Mays v. Dinwiddie*, 441 F. App'x 575, 576, 577 (10th Cir. 2011). He has not obtained this court's authorization. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). No reasonable jurist would find it debatable that the district court was correct in its procedural ruling that his most recent application was an unauthorized second or successive application, and the court properly dismissed it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We deny a COA and dismiss this matter. We note that Mr. Mays filed a motion for leave to proceed on appeal without prepayment of costs and fees, then attempted to file a second such motion that is largely identical to the first. We grant his first motion, and deny the second as moot.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

2