**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN B. DAVIS,

Plaintiff - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; CHARLES E.
SIMMONS, Secretary of Corrections;
BARBARA SCHNEIDER, Records
Clerk, Kansas Department of
Corrections; MARK BENEFIELD,
Wichita Parole Officer, Kansas
Department of Corrections; KANSAS
PAROLE BOARD, Wichita Parole
Office; KENT A. SISSON, Director of
South Parole Region, Kansas
Department of Corrections;
JOHN/JANE DOES Individually and
officially and any Kansas State
Official, Kansas State Government
Entities, or other proper parties
amendable to suit in this action;
HUTCHINSON CORRECTION
FACILITY; ROBERT D.
HANNIGAN, former Warden of
Hutchinson Correctional Facility,

Defendants - Appellants.

No. 07-3044

D. Kan.

(D.C. No. 01-CV-3417-SAC)

**ORDER DISMISSING APPEAL AS FRIVOLOUS**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marvin B. Davis, a state prisoner appearing pro se[1] and *in forma pauperis*, appeals from the district court's denial of his motion for relief from judgment and subsequent motions for reconsideration. We dismiss Davis' frivolous appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

## I. BACKGROUND

In 1991, Davis pled guilty in Kansas state court to a charge of felony theft. He was given a suspended sentence of one to five years in prison. In 1992, Davis' probation was revoked and he was imprisoned. He completed his sentence on December 22, 1996. In 1997, he was convicted in Kansas state court of aggravated burglary, aggravated kidnapping, aggravated indecent liberties with a child and domestic violence, and was sentenced to 230 months imprisonment, based on a criminal history score of "G."

Davis contends the Kansas Department of Corrections (KDOC) should have converted his 1991 sentence when the Kansas Sentencing Guidelines Act, Kan. Stat. Ann. § 21-4701 *et seq.*, was enacted in 1993. According to Davis, if the

---

[1] On account of Davis' pro se status, we liberally construe his filings, but hold him to the same rules of procedure as other litigants. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

KDOC had properly converted his 1991 sentence, it would have expired on October 15, 1994, not December 22, 1996. Davis argues this 24-month period of unlawful confinement violated his constitutional right to due process and subjected him to cruel and unusual punishment. Moreover, he contends that because of the KDOC's alleged error, his 1991 sentence should not have been considered as part of his criminal history in calculating his 1997 sentence, which would have had the effect of shortening his 1997 sentence.

Davis pursued three different avenues for relief. First, he sought post-sentencing relief in Kansas state court pursuant to Kan. Stat. Ann. § 60-1507. The state trial court denied the petition. The Kansas Court of Appeals concluded the trial court lacked jurisdiction to hear Davis' petition because Davis had completed his 1991 sentence. See *Davis v. State*, 77 P.3d 1288 (Kan. Ct. App. 2003) (unpublished). The Kansas Supreme Court denied review. *Davis v. State*, 277 Kan. 923 (Kan. 2003).

Second, Davis filed a petition for writ of habeas corpus and writ of *coram nobis* in federal court under 28 U.S.C. §§ 2241 and 2254. The petition was dismissed as time-barred. Davis appealed to this Court. We denied a Certificate of Appealability (COA) as to Davis' habeas claims and affirmed the district court's denial of a writ of *coram nobis*. *Davis v. Roberts*, 425 F.3d 830, 834-36 (10th Cir. 2005).

Third, Davis filed a civil rights complaint against the KDOC and its

officers in federal court, seeking declaratory and injunctive relief and compensatory and punitive damages based on the defendants' alleged failure to properly apply the Kansas Sentencing Guidelines Act to his 1991 sentence. On December 19, 2001, the district court dismissed Davis' complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the . . . appeal . . . fails to state a claim on which relief may be granted . . . ."). The court cited *Heck v. Humphrey*, 512 U.S. 477 (1994), in support of its conclusion "[t]o the extent plaintiff seeks damages under § 1983, no claim for damages for harm resulting from an allegedly unlawful conviction or sentence is properly before a federal court if the challenged conviction or sentence has not first been invalidated." (R. Doc. 5 at 3.) Davis did not appeal this dismissal.

Almost four years later, on June 28, 2005, Davis filed a motion for relief from judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, arguing relief was warranted based on the Supreme Court's holding in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). According to Davis, *Wilkinson* called into question the court's reliance on *Heck*. This motion was denied. Davis then filed two motions for reconsideration, both of which were denied. In its order denying Davis' first motion for reconsideration, the court explained: "[b]ecause a judgment for plaintiff . . . would necessarily implicate the validity of his 1991

-4-

sentence, plaintiff's claims for damages for alleged error in the non-conversion of his 1991 sentence remains arguably barred by *Heck*." (R. Doc. 10 at 2.) Moreover, "even if *Wilkinson* could be retroactively applied . . . it is factually and legally distinguishable and offers plaintiff no basis for relief . . . ." (*Id.* at 3.)

Davis appeals from the denial of his motion for relief from judgment and his motions for reconsideration.[2]

## II. STANDARD OF REVIEW

Pursuant to Rule 60(b), "the court may relieve a party . . . from a final judgment" for five specified reasons. *See* Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6), the subsection relied upon by Davis, is a catchall provision, allowing relief from judgment for "any other reason justifying relief . . . ." Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Env't. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000) (quotations omitted). "We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004). "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* at 955. "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The

---

[2] At the time he filed his Notice of Appeal, Davis' second motion for reconsideration was still pending before the district court. It has since been denied.

denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

We also review the denial of a motion for reconsideration for abuse of discretion. *See Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

### III. DISCUSSION

The district court did not abuse its discretion in denying Davis' motions for relief from judgment and for reconsideration of the same. The court properly concluded that, even if *Wilkinson* could be applied retroactively, it does not support Davis' position.

In *Heck*, the issue before the Court was "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. The Court held "when a state prisoner seeks damages in a § 1983 suit, the district court *must consider whether a judgment in favor of the plaintiff would necessarily imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added).

In *Wilkinson*, the Court considered whether two state prisoners who alleged their parole procedures were unconstitutional could bring an action for

-6-

declaratory and injunctive relief under § 1983 or were limited to seeking relief under the federal habeas corpus statutes. 544 U.S. at 76. The Court read its prior cases, including *Heck*, to indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. Applying that principle, the Court held the state prisoners' claims were cognizable under § 1983 because success on those claims would not necessarily spell speedier release or imply the invalidity of their convictions or sentences. *Id.* at 82.

*Wilkinson* is not applicable here because success on Davis' claims would necessarily imply the invalidity of his 1991 sentence or spell speedier release on his 1997 sentence. Thus, Davis' § 1983 claim falls squarely within the *Heck* holding and is barred. Because Davis has failed to present any legal theory which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). *See Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992) ("A claim is frivolous or malicious [under § 1915(e)(2)(B)(I)] if it is based on an indisputably meritless legal theory.") (quotations omitted). We therefore assess two strikes against Davis under 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175

F.3d 775, 781 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.")

Davis' appeal is **DISMISSED** as frivolous. We remind Davis of his obligation to continue making partial payments of his appellate filing fee until the entire balance is paid in full. Dismissal of an appeal does not relieve Davis of his obligation to pay the filing fee in full. *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge