**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FREDERICK P. HARRISON; C.I.H.,
(children) appearing by and through
their father Frederick P. Harrison;
J.Y.H. (children) appearing by and
through their father Frederick P.
Harrison; CHRISTINA A.
HARRISON; I.A.H. (a child)
appearing by and through his mother
Christina A. Harrison,

     Plaintiffs - Appellants,

v.

DAVID A. GILBERT, Judge, Fourth
Judicial District Court, El Paso
County, Colorado; THE PEOPLE OF
THE STATE OF COLORADO;
JOHNNY BOHNEN, El Paso County
Attorney Office for the Department of
Human Services; DIANE C. BOLDT,
Guardian ad Litem; ANN ROTOLO,
Guardian ad Litem; PHILLIP
BRADLEY SHARP, Esq.; BRYAN
HUNT, Esq.; KEN LARSON,
Detective, El Paso County Sheriff
Office; TINA-MARIE T. HARRISON,

    Defendants - Appellees.

No. 07-1273
(D.C. No. 03-CV-02442-EWN)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Frederick P. Harrison, a pro se litigant, and his daughter, Christina A. Harrison, ("Plaintiffs"), appeal the district court's dismissal and refusal to reinstate their complaint alleging violations under 42 U.S.C. § 1983 and other claims against various county and city officials and other private parties.[1]  We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, and we only repeat the relevant procedural history.  Plaintiffs commenced a federal lawsuit alleging violations of their constitutional rights arising out of proceedings in an El Paso County, Colorado District Court case.  On September 10, 2004, the district court dismissed Plaintiffs' complaint and entered final judgment on September 15, 2004.  Plaintiffs appealed that decision, and we affirmed.  See Harrison v. Gilbert, 148 F. App'x. 718 (10th Cir. 2005) (unpublished).  Plaintiffs then filed a motion under Fed. R. Civ. P. 60(b) seeking relief from the district court's previous final judgment order.  I R. Doc. 83.  On April 24, 2006, the district court

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1] Neither Mr. Harrison nor Christina Harrison, acting pro se, can represent the interests of their minor children.  Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); see also Fed. R. Civ. P. 17(c).

denied the motion. I R. Doc. 84. On June 6, 2007, Plaintiffs filed a second Rule 60(b) motion seeking to reinstate their complaint which the district court denied on June 19, 2007. I R. Doc. 85, 87. Plaintiffs appeal this denial of their second Rule 60(b) motion.

We review the denial of a Rule 60(b) for an abuse of discretion. Davis v. Kan. Dep't of Corrs., --- F.3d ---, No. 07-3044, 2007 WL 4099540, at *2 (10th Cir. Nov. 19, 2007). Plaintiffs' motion before the district court and brief on appeal argue that because none of the state court litigation resulted in any findings that any children were dependent and neglected, that they are entitled to go forward. They further challenge the district court's reliance on the Rooker-Feldman doctrine in dismissing their earlier case. In their reply brief, Plaintiffs argue that they are entitled to relief under all six subsections of Rule 60(b). Generally, arguments raised for the first time on appeal in an appellant's reply brief are waived. Star Fuel Marts, LLC v. Sam's East, Inc., 362 F.3d 639, 647 (10th Cir. 2004). Even overlooking this deficiency, Plaintiffs have not demonstrated, in either their opening or reply briefs, that their Rule 60(b) motion was timely. Under Rule 60(b), a motion for relief from a judgment based on reasons (1), (2), or (3) must be brought not more than one year after judgment is entered. Fed. R. Civ. P. 60(c)(1). Final judgment was entered September 15, 2004, and Plaintiffs filed their second Rule 60(b) motion on June 6, 2007, almost three years later. Regarding their arguments under reasons (4), (5), or (6),

- 3 -

Plaintiffs have not provided any relevant reason to justify the extensive delay in filing the motion so that it was made within a reasonable time. See Fed. R. Civ. P. 60(c)(1); Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir. 2005). Plaintiffs contend that because the state litigation has apparently concluded they are entitled to go forward. This argument is patently incorrect and ignores the multiple grounds supporting this court's affirmance of the district court's judgment including absolute judicial immunity for the state trial court judge.

AFFIRMED. All pending motions are denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge