**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALEX HERRERA,

     Plaintiff-Appellant,

v.

JOE ORTIZ, Director, Colorado
Department of Corrections; KATHY
HOLST, Head of Medical, Colorado
Department of Corrections; TED
FERGUSON, President, Corrections
Corporation of America (CCA); Head
of Medical, CCA; HOYT BRILL,
Warden, Kit Carson Correctional
Facility (KCCF) (a CCA facility);
Head of Medical, KCCF; DICK
SMELSER, Warden, Crowley County
Correctional Facility (CCCF) (a CCA
facility); JUDY BRIZENDINE, Head
of Medical, CCCF,

     Defendants-Appellees.

No. 07-1253
(D.C. No. 06-CV-00334-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Alex Herrera, a Colorado state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and its refusal to grant him an "Extension of Time" to file a new complaint. Because Herrera filed an untimely notice of appeal to challenge the district court's dismissal of his complaint and its denial of his motion to reconsider, we lack jurisdiction over his attempt to appeal. To the extent that he timely appeals the district court's denial of his motion for an extension of time, we **AFFIRM**.

On April 21, 2006, Herrera filed an amended complaint in the District of Colorado raising claims based on state and federal law stemming from an incident in which he slipped and fell while working in the prison kitchen. He alleges that prison officials were negligent in failing to keep the kitchen floor free of grease, and that they failed to provide adequate followup medical care. The district court construed Herrera's complaint as alleging civil rights violations under 42 U.S.C. § 1983 and pendant state law negligence claims. On May 2, 2006, it dismissed the complaint without prejudice, finding that Herrera had failed to exhaust his administrative remedies with regard to at least one of his claims.[1] The district court failed to enter a separate judgment noting that dismissal on the docket.

---

[1] Because the district court dismissed Herrera's federal constitutional claims, it declined to exercise supplemental jurisdiction over his state law claims.

Herrera then made a timely Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which the district court denied on May 25, 2006.

Nearly a year later, Herrera filed a "Motion to Request Extension of Time on the Filing of My 1983/1985 Prisoner Complaint" with the district court. In a one-sentence order filed on May 15, 2007, the district court denied the motion because it had already dismissed Herrera's complaint. Herrera then filed a notice of appeal on June 13, 2007, ostensibly appealing both the dismissal of his complaint as well as the denial of his request for an extension.

Before we can reach the substance of Herrera's claims, we must first ascertain whether we have jurisdiction over his appeal of the district court's dismissal of his complaint. Although we construe Herrera's pro se filings liberally, he nevertheless must abide by the same rules of procedure as other litigants, especially when the rules are jurisdictional. See Bowles v. Russell, 127 S. Ct. 2360, 2362 (2007) (holding that appellate courts lack jurisdiction to hear civil appeals commenced after the statutory period for filing a notice of appeal); Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (pro se litigants must follow rules of procedure).

Under these rules, a notice of appeal in a civil case must be "filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A); see also 28 U.S.C. § 2107(a). When the district court fails to enter its judgment in a separate document, judgment is

normally not deemed entered until 150 days after the entry of the decision in the civil docket.  See Fed. R. Civ. P. 58(a), (c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

Because the district court did not dismiss Herrera's complaint in a separate document, its judgment was final 150 days after the order dismissing Herrera's complaint, or September 29, 2006.  See Clough v. Rush, 959 F.2d 182, 185 (10th Cir. 1992) (holding that an order did not qualify as a separate document under Rule 58 because it contained detailed legal reasoning).  Herrera then had 30 days to file a notice of appeal; this period ended on October 29, 2006.  Because Herrera did not file his notice of appeal until June 2007, his appeal of the district court's substantive rulings is untimely.[2]

In contrast to his attempt to appeal the dismissal of his complaint, Herrera filed a timely notice of appeal as to the district court's denial of his "Motion to Request Extension of Time on the Filing of My 1983/1985 Prisoner Complaint." To the extent that we have jurisdiction over this aspect of his appeal, we note only that there is no case pending in the district court from which he would be

---

[2] Herrera's appeal is also untimely to the extent that it challenges the district court's order disposing of his Rule 59(e) motion.  A separate document is not required for orders disposing of Rule 59(e) motions, and the time to appeal such rulings normally begins running when the court's judgment is entered in the civil docket.  See Fed. R. Civ. P. 58(a)(4), (c)(1); Fed. R. App. P. 4(a)(4)(A)(iv), (a)(7)(A)(i).  This case is somewhat unusual in that Herrera filed, and the district court denied, his Rule 59(e) motion well before judgment was entered on Herrera's underlying complaint by operation of Rule 58(c)(2)(B).  We need not decide, however, what effect this had on Herrera's time to appeal, as his June 2007 notice of appeal came months too late under any calculation.

able to request an extension of time. As previously explained, the judgment dismissing his complaint had been entered long before he brought this motion and there was no pending deadline that the district court could have extended. We thus **AFFIRM** the district court's denial of his motion.

We **GRANT** Herrera's motion to proceed in forma pauperis, but remind him of his obligation to continue making partial payments of his appellate filing fee until the entire balance is paid in full.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge