**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KEVIN SANCHEZ,

      Plaintiff-Appellant,

v.

TOM HAVEL, Administrator,
San Juan County Detention Center;
MYA DONALDSON, Administrator,
Medical Department San Juan County
Detention Center,

      Defendants-Appellees.

No. 08-2018
(D.C. No. 1:06-CV-01121-WJ-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Plaintiff appellant Kevin Sanchez filed a complaint in district court under

42 U.S.C. § 1983 claiming that he received negligent medical treatment while he

was incarcerated in the San Juan County New Mexico Detention Center. The

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court adopted the findings and proposed disposition of the magistrate judge and granted summary judgment to defendants based on grounds of both claim and issue preclusion, and plaintiff appeals. "On account of [plaintiff's] pro se status, we liberally construe his filings, but hold him to the same rules of procedure as other litigants." *Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291, and, after our de novo review of the grant of summary judgment, *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), we affirm.

In May 2006, plaintiff brought a state-court action against defendant Havel and Correctional Healthcare Management alleging false imprisonment and medical negligence. Because plaintiff's claims were barred by the applicable statute of limitations, the state court dismissed all of his claims with prejudice. *Sanchez v. Havel*, No. CV-06-562-3 (N.M. 11th Judicial Dist. Ct. filed Nov. 7, 2006) (*Sanchez I*). Plaintiff then filed the instant action in federal court making substantially the same allegations regarding medical negligence that he did in state court but including Mya Donaldson as an additional defendant.

With regard to the claims against defendant Havel, the district court correctly concluded that the doctrine of claim preclusion barred plaintiff's attempt to relitigate the issues he raised in *Sanchez I*. It also correctly determined that issue preclusion similarly barred the claims against defendant Donaldson. We

therefore affirm the judgment of the district court for substantially the reasons stated by that court.

Plaintiff's argument that the district court erred in failing to order defendants to produce pertinent medical records is unavailing because plaintiff cannot proceed with this action in the first instance. Further, there is no factual support for plaintiff's charge that the court was biased against him because of his inmate status or because he was not a state or city employee. Plaintiff's charge in his "closeing [sic] statement and facts" that certain individuals conspired to intercept his outgoing legal mail was not included in the complaint and thus not before the district court. As such, it will not be considered on appeal. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

To the extent plaintiff asserts error in the court's denial of his motion to reopen the case, construed as a Fed. R. Civ. P. 59(e) motion, we find no abuse of discretion in that decision. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Plaintiff's motion for judgment in his favor is DENIED. Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. Plaintiff is reminded of his obligation to continue making partial payments pursuant to 28 U.S.C. § 1915(b) until the filing fee is paid in full.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge