FILED
United States Court of Appeals
Tenth Circuit

August 29, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL DEWAYNE BELL,

Defendant-Appellant.

Nos. 12-5056 & 12-5071
(D.C. Nos. 4:10-CV-00138-GKF-TLW &
4:06-CR-00140-GKF-1)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Michael Dewayne Bell, a federal prisoner proceeding pro se, seeks to appeal

from the district court's decisions on several motions related to the denial of his

28 U.S.C. § 2255 motion attacking his sentence. We deny his applications for a

certificate of appealability (COA) and dismiss the appeals.

I.  Background

Bell was convicted of aggravated bank robbery and use of a firearm in

furtherance of a crime of violence, and was sentenced to consecutive life sentences

---

[*]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on each count pursuant to the "Three Strikes" provision of 18 U.S.C. § 3559(c)(1). We affirmed his conviction and sentence on appeal, and the Supreme Court denied his petition for certiorari. His subsequent § 2255 petition was based on alleged ineffective assistance of appellate counsel, principally counsel's failure to raise issues Bell had requested to be raised. The district court denied relief, and we denied his request for a COA and dismissed his appeals.

Pertinent to the current appeals, Bell then filed a motion under Fed. R. Civ. P. 60(b), alleging that the district court had failed to address five issues asserting ineffective assistance of appellate counsel that he had raised in his § 2255 motion. The district court set out all five issues in its order, so we need not repeat them here. The court determined that it had in fact considered three of the issues in connection with Bell's § 2255 petition, and that the Rule 60(b) motion was a second or successive § 2255 motion with respect to those issues. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). The court dismissed those three issues for lack of jurisdiction because Bell had failed to obtain prior permission from this court to file a second or successive § 2255 motion as to those issues. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

The district court further determined that it had not directly addressed Bell's other two issues in its order denying his § 2255 motion. Accordingly, because Bell

was asserting a defect in the integrity of the § 2255 proceedings with respect to those two issues, the court considered them on their merits. *See Nelson*, 465 F.3d at 1147 (discussing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). The court noted that relief under Rule 60(b) is allowed only in exceptional circumstances. *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007). And the court concluded that exceptional circumstances were not presented in this case because one of Bell's issues was meritless and because this court had already decided in Bell's direct appeal that the other issue was moot. The district court denied Bell a COA on these two issues because jurists of reason would not find the court's resolution of the issues to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Upon receiving the district court's opinion and order, Bell filed a notice of appeal in the district court, resulting in appeal No. 12-5056. He also filed three more motions in the district court—a motion for a COA in No. 12-5056, a motion for leave to proceed in forma pauperis in No. 12-5056, and a motion asking the district court to take judicial notice of its alleged failure to decide two of his prior motions. The court denied all of these motions in the same order. Bell filed a notice of appeal, resulting in appeal No. 12-5071.

We have reviewed Bell's briefs and the records on appeal under the applicable standards for a COA. The district court thoroughly and correctly addressed and resolved the issues Bell raised in his Rule 60(b) and subsequent motions. As no

- 3 -

jurist of reason could reasonably debate the correctness of the district court's decisions, we DENY his requests for a COA and DISMISS these matters.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk