FILED
United States Court of Appeals
Tenth Circuit

January 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DONALD ADAM PENROD,

           Plaintiff - Appellant,

v.

DON QUICK, Adams County D.A.;
SUSAN JONES, Warden CSP; TOM
CLEMENTS, Executive Director,
Colorado Department of Corrections;
JOHN SUTHERS, Colo. Attorney
General; CLEMMIE P. ENGLE, Assis.
Attorney General,

           Defendants - Appellees.

No. 12-1163
(D.C. No. 1:11-CV-03273-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Donald Adam Penrod, a state prisoner proceeding pro

se,[1] appeals the district court's dismissal of his claims brought pursuant to 42

---

[*]      This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      Because Mr. Penrod is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

U.S.C. § 1983.  Mr. Penrod also requests leave to proceed *in forma pauperis* ("IFP") on appeal.  For the reasons that follow, we **dismiss** Mr. Penrod's appeal as frivolous and **deny** his motion to proceed IFP.

**I**

In 1991, Mr. Penrod was convicted in Colorado state court of aggravated robbery of a controlled substance, second-degree kidnaping, and aggravated robbery.  His convictions and sentences were affirmed on direct appeal and in state post-conviction proceedings.  In 2001, Mr. Penrod filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court denied as time-barred.  A panel of this court denied Mr. Penrod a certificate of appealability.  *See Penrod v. Hargett*, No. 03-1119 (10th Cir. Oct. 14, 2003).  Mr. Penrod subsequently sought authorization to file a second or successive habeas petition, and a panel of this court denied his request.  *See In re Penrod*, No. 12-1024 (10th Cir. Feb. 23, 2012).

Not long after Mr. Penrod sought to file a second or successive habeas petition, he filed the instant suit against several Colorado government officials[2] asserting that they committed unconstitutional "frauds on the court" in order to secure his convictions.  Mr. Penrod requested various forms of declaratory and

---

[2]    The defendants are: Don Quick, Adams County D.A.; Susan Jones, Warden CSP; Tom Clements, Executive Director, Colorado Department of Corrections; John Suthers, Colorado Attorney General; and Clemmie P. Engle, Assistant Attorney General (hereinafter, "Defendants").

injunctive relief, including an injunction barring "[D]efendants from enjoying all benefits" of his convictions, and an order requiring Defendants to reveal their allegedly unconstitutional "frauds on the court" and "immediately release [him] from prison." R. at 291 (Prisoner Compl., filed Feb. 10, 2012). The district court dismissed Mr. Penrod's claims as barred by the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994). Because success on Mr. Penrod's claims necessarily implies the invalidity of his confinement, reasoned the district court, his claims must be brought in a habeas proceeding and are not cognizable under § 1983. Additionally, the district court assessed Mr. Penrod a strike under 28 U.S.C. § 1915(e)(2)(B).

## II

"[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). In *Heck*, however, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 478. The Supreme Court has since

clarified that the rule from *Heck* is not limited to claims for damages, but applies regardless of the relief sought. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *accord Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (same).

## III

On appeal, Mr. Penrod again recounts the allegedly unconstitutional "frauds on the court" committed by Defendants that led to his convictions, but he provides no persuasive reasons as to why the district court erred in holding that his claims were barred by *Heck*.[3] Therefore, for substantially the same reasons articulated by the district court, we hold that Mr. Penrod's § 1983 claims must be dismissed.

Furthermore, because Mr. Penrod has "failed to present any legal theory

---

[3] Mr. Penrod's only argument on this score—one that he does not support with any legal authority—is that *Heck* does not apply because the allegedly unconstitutional "frauds on the court" are "extrinsic" to his conviction. But even if the alleged frauds are "extrinsic," Mr. Penrod himself contends that the frauds demonstrate that his convictions were unconstitutional and that he is entitled to "immediate[] release" from prison—i.e., that his claims show that his confinement is invalid.

-4-

which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)." *Davis*, 507 F.3d at 1249.  Mr. Penrod is therefore assessed two strikes under 28 U.S.C. § 1915(g).  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").  In the same vein, we deny Mr. Penrod's motion to proceed IFP on appeal, as he has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

## IV

Accordingly, we **dismiss** Mr. Penrod's claims as frivolous and **deny** his motion for leave to proceed IFP on appeal.

We direct Mr. Penrod to remit the full amount of the appellate filing fee.


Entered for the Court


JEROME A. HOLMES
Circuit Judge

-5-