FILED
United States Court of Appeals
Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. CHAPPELL,

        Plaintiff - Appellant,

v.

JUSTIN JONES, Director DOC;
DEBBIE MORTON, Director's
Designee; WARDEN ERIC
FRANKLIN; JIMMY GREEN, Deputy
Warden; DEBBIE MILLS, Warden's
Secretary; CORPORAL JONES,
Correctional Officer; CAPTAIN
ROBB, Correctional Officer; KENT
PECK, Unit Mgr; DR. ADERHOLD,
Psychiatrist; DR. BOYD, Mental
Health Physician,

        Defendants - Appellees.

No. 12-6146
(D.C. No. 5:12-CV-00066-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

    [*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Michael D. Chappell, a state prisoner proceeding pro se,[1] appeals from the district court's dismissal of his claims brought pursuant to 42 U.S.C. § 1983. Mr. Chappell also requests leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons that follow, we **dismiss** Mr. Chappell's appeal as frivolous and **deny** his motion to proceed IFP.

## I

Pursuant to 42 U.S.C. § 1983, Mr. Chappell sued "numerous state correctional and government officials as well as physicians who provide medical treatment to state prisoners under contracts with the Oklahoma Department of Corrections."[2] R. at 229 (Supp. Report & Recommendation, filed Apr. 2, 2012). He raised five claims against Defendants in his amended complaint: (1) an Eighth Amendment claim regarding prison conditions; (2) a second Eighth Amendment claim regarding deficient medical care; (3) a retaliation claim alleging that a

---

[1]    Because Mr. Chappell is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

[2]    The defendants are: Justin Jones, Director of the Department of Corrections; Debbie Morton, Director's Designee; Warden Eric Franklin; Jimmy Green, Deputy Warden; Debbie Mills, Warden's Secretary; Corporal Jones, Correctional Officer; Captain Robb, Correctional Officer; Kent Peck, Unit Manager; Dr. Aderhold, Psychiatrist; and Dr. Boyd, Mental Health Physician (hereinafter "Defendants").

prison official filed a misconduct report against him for retaliatory reasons, and, relatedly, that he was denied due process at the disciplinary hearing regarding his alleged misconduct; (4) a First Amendment claim alleging that Defendants opened a letter regarding Mr. Chappell's legal matters outside of his presence; and (5) a third Eighth Amendment claim regarding prison conditions.

With the exception of Mr. Chappell's due process claim, the district court dismissed all of his claims with prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted. Mr. Chappell's due process claim was dismissed without prejudice as barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). This appeal followed.

After Mr. Chappell submitted his opening brief, he filed two motions with our court. First, he filed a motion for a restraining order and preliminary injunction, arguing that he was denied access to the courts because, *inter alia*, he was not provided sufficient access to the prison law library. Second, he filed a motion for miscellaneous relief, asserting, *inter alia*, that the new prison facility to which he was recently transferred suffers from many of the same infirmities as the previous facility in which he was housed, in violation of the Eighth Amendment.

**II**

"[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). When a plaintiff brings a § 1983 action against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008); *accord Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (same).

In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Supreme Court has made clear that the *Heck* bar applies to internal prison proceedings. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *accord Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir.

2007) (same).

## III

On appeal, Mr. Chappell fails to undermine the district court's decision in any respect. In short, he contends that his allegations were sufficient to state a claim and that the *Heck* bar should not apply, but he provides no persuasive reasons as to why the district court erred in holding that his allegations were insufficient to state a plausible claim for relief or that his due process claim was barred by *Heck*. Therefore, for substantially the same reasons articulated by the district court, we hold that Mr. Chappell's § 1983 claims must be dismissed.

We also must deny Mr. Chappell's two motions. Each is merely an attempt to amend his complaint by adding new claims—an access-to-courts claim and an additional Eighth Amendment claim. Because these claims were not raised before the district court, we will not consider them on appeal. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 (10th Cir. 2006); *Kell v. U.S. Parole Comm'n*, 26 F.3d 1016, 1021 n.2 (10th Cir. 1994).

Furthermore, because Mr. Chappell has "failed to present any legal theory which could conceivably refute the district court's disposition, his appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)." *Davis*, 507 F.3d at 1249. Mr. Chappell is therefore assessed two strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court

dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."). Relatedly, we deny Mr. Chappell's motion to proceed IFP on appeal, as he has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

IV

Accordingly, we **dismiss** Mr. Chappell's claims as frivolous and **deny** his motion for leave to proceed IFP on appeal. We also **deny** Mr. Chappell's motion for a restraining order and preliminary injunction and **deny** his motion for miscellaneous relief.

We direct Mr. Chappell to remit the full amount of the appellate filing fee.

Entered for the Court

JEROME A. HOLMES
Circuit Judge