FILED
United States Court of Appeals
Tenth Circuit

May 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEPHEN E. MCCOY,

     Petitioner - Appellant,

v.

R. BYRD, Warden, CCF,

     Respondent - Appellee.

No. 17-6032
(D.C. No. 5:15-CV-01376-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Stephen McCoy, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition and his Rule 60(b) motion. We deny a COA and dismiss the appeal.

**I**

In 2013, McCoy was convicted of conspiracy to commit a felony, robbery with

a dangerous weapon, and kidnapping. His convictions were affirmed on direct

appeal. McCoy subsequently sought habeas relief in federal court. The district court

dismissed the petition as untimely. Several months later, McCoy submitted a motion

---

     * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to reopen the case under Fed. R. Civ. P. 60(b). The district court denied that motion. McCoy now seeks a COA from this court.

**II**

As an initial matter, McCoy failed to seek timely appellate review of the denial of his habeas petition. Under Fed. R. App. P. 4(a)(1)(A), a defendant must file a notice of appeal within thirty days of the entry of judgment. The district court dismissed McCoy's habeas petition and entered final judgment on April 18, 2016. McCoy took no further action until July 8, 2016, when he filed a Rule 60(b) motion. Because that motion was filed more than 28 days after the district court entered judgment, it did not toll the time to file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, McCoy's notice of appeal, which was filed on January 30, 2017, is untimely as to the denial of his habeas petition, and we lack jurisdiction to review that order. See United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004).

McCoy's notice of appeal is timely as to the denial of his Rule 60(b) motion.[1] However, he may not appeal that order without a COA. Spitznas, 464 F.3d at 1217-18. We will issue a COA only if McCoy shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id. at

---

[1] Although the district court did not make an express finding, we conclude it properly treated McCoy's motion as a "true" Rule 60(b) motion, rather than a second or successive habeas petition. The motion "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

1225 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "We review a district court's denial of a Rule 60(b) motion for an abuse of discretion." Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (quotation omitted).

In his initial habeas petition, McCoy argued that he was entitled to equitable tolling because the prison was on lockdown several times in 2015. The district court rejected McCoy's argument because he failed to show how he diligently pursued his claims in the six months between the date when his conviction became final and the date of the first lockdown, or between the various lockdown periods. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In his Rule 60(b) motion, McCoy provided details to support his claim for equitable tolling. However, Rule 60(b) is not an appropriate vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). McCoy does not provide any reason for his failure to offer this evidence in his original habeas petition. Thus, reasonable jurists could not debate that the district court acted within its discretion in denying McCoy's Rule 60(b) motion.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

McCoy's motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge