**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YOURAS ZIANKOVICH,

    Plaintiff - Appellant,

v.

BRYON M. LARGE; JESSICA E.
YATES,

    Defendants - Appellees.

No. 20-1030
(D.C. No. 1:17-CV-02039-CMA-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Plaintiff Youras Ziankovich, an attorney representing himself, appeals from

the district court's decision granting summary judgment in favor of defendants

Bryon M. Large and Jessica E. Yates and dismissing his amended complaint with

prejudice. He also appeals from the district court's denial of his post-judgment

motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we apply the firm waiver rule

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as a bar to appellate review of the district court's summary judgment decision and dismiss that portion of the appeal. We affirm the district court's denial of the Rule 60(b) motion.

I. Background

Mr. Ziankovich is licensed to practice law in New York. Although he did not have a Colorado law license, he maintained a law office in Colorado and practiced immigration law before the United States District Court for the District of Colorado, the Executive Office of Immigration Review, and the Department of Homeland Security.[1]

Ms. Yates is Colorado's Attorney Regulation Counsel and was appointed by the Colorado Supreme Court to regulate the practice of law in Colorado. Mr. Large is an attorney for Colorado's Office of Attorney Regulation Counsel ("OARC"). The dispute underlying this appeal arises out of OARC's disciplinary action against Mr. Ziankovich for violating the Colorado Rules of Professional Conduct and the federal complaint he filed to challenge that disciplinary action.[2]

Mr. Large, through OARC, filed a complaint against Mr. Ziankovich on behalf of the People of Colorado ("the People"). Mr. Ziankovich moved to dismiss the disciplinary action against him on the grounds that OARC lacked jurisdiction to investigate and sanction attorneys with law licenses from other states and with

---

[1] Mr. Ziankovich no longer resides in or maintains a law office in Colorado.

[2] At the time that OARC commenced the disciplinary action, James Coyle was Colorado's Attorney Regulation Counsel. He was later replaced by Ms. Yates.

practices limited to federal court matters. The presiding disciplinary judge (PDJ) denied the motion to dismiss, concluding there was jurisdiction over Mr. Ziankovich. The PDJ subsequently granted summary judgment in favor of the People on six claims. After briefing and a hearing on the remaining two claims, the Hearing Board (which consisted of the PDJ, an attorney, and a lay member) issued an Opinion and Decision in favor of the People.

The Hearing Board issued an Amended Opinion to grant Mr. Ziankovich's post-hearing motion requesting that two sentences be stricken. *See People v. Ziankovich*, 433 P.3d 640, 641 (Colo. O.P.D.J. 2018). The Board determined that Mr. Zankovich should be sanctioned for his breach of six ethical rules. *See id*. at 641, 656. It rejected Mr. Ziankovich's defenses—including his challenge to jurisdiction—as well as his arguments that the disciplinary action violated: procedural due process under the Fourteenth Amendment, the Commerce Clause, the First and Fifth Amendments, 42 U.S.C. § 1983, and the Colorado Constitution. *See id*. at 650-51.

During the pendency of the state disciplinary proceedings, Mr. Ziankovich filed a pro se complaint in federal district court seeking a declaratory judgment that defendants, acting through OARC, did not have authority to maintain an attorney disciplinary action against him. He alleged he has never been licensed to practice law in Colorado and does not practice law in Colorado state courts or agencies; rather, he practices only in federal courts and agencies in Colorado. In response to a show-cause order, Mr. Ziankovich filed an amended complaint, asserting claims

3

against defendants pursuant to § 1983 for violations of his First, Fifth, and Fourteenth Amendment rights, as well as a claim for violations of the Commerce Clause. Defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).[3]

The district court granted the motion and dismissed the amended complaint without prejudice. Mr. Ziankovich appealed. Because the state disciplinary proceedings had ended when we issued our decision, we vacated the district court's dismissal of Mr. Ziankovich's complaint under *Younger* and remanded to the district court to consider it. *See Ziankovich v. Large*, 745 F. App'x 800, 802 (10th Cir. 2018).

On remand, defendants moved to dismiss Mr. Ziankovich's amended complaint. They argued: (1) the OARC and PDJ had the authority to discipline Mr. Ziankovich for his provision of legal services to Colorado residents; (2) the complaint failed to state any plausible claims for relief; and (3) the doctrines of issue and claim preclusion barred the federal action.

The parties supplemented the record after the magistrate judge notified them of her intent to convert the motion to dismiss into a motion for summary judgment. In her report and recommendation, the magistrate judge determined that each of

---

[3] "*Younger* requires federal courts to refrain from ruling when it could interfere with ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th Cir. 2016).

defendants' arguments independently warranted granting summary judgment in their favor. She therefore recommended that defendants' motion for summary judgment be granted and the claims be dismissed with prejudice. She also notified Mr. Ziankovich that he could file written objections to the report and recommendation and informed him that any objections "must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." Aplt. App., Vol. 2 at 166 n.6 (internal quotation marks omitted).

Mr. Ziankovich filed objections to the report and recommendation. The district court first addressed issue preclusion, noting that resolving that argument first would prevent the need to address any of the other arguments. The district court determined that Mr. Ziankovich's objections as to issue preclusion were not sufficiently specific and did not warrant de novo review of the magistrate judge's decision. The district court therefore reviewed the decision on issue preclusion for clear error and ultimately affirmed and adopted the report and recommendation.

After the court entered judgment in favor of defendants, Mr. Ziankovich filed a Rule 60(b) motion seeking relief from the judgment, which the district court denied. He now appeals from the district court's decisions granting summary judgment in favor of defendants and denying his Rule 60(b) motion.

II. Discussion

Mr. Ziankovich argues on appeal that: (1) the Colorado Supreme Court is without authority to regulate out-of-state attorneys; (2) defendants' acts violate his

5

constitutional rights; (3) the district court erred when it dismissed his action with prejudice; and (4) the district court erred when it denied his motion to reconsider.

A.    Appeal from the District Court's Summary Judgment Decision

We have adopted a firm waiver rule requiring that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In doing so, we explained that "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *Id.*

Here, the magistrate judge determined that issue preclusion barred Mr. Ziankovich's federal claims because the issues asserted in his federal complaint were actually and necessarily adjudicated in the disciplinary proceedings, he was a party to the disciplinary proceedings, those proceedings culminated in a decision on the merits, and he had a full and fair opportunity to litigate the issues in the disciplinary proceedings.  In reviewing Mr. Ziankovich's objections, the district court observed that "'[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors immediately.'"  Aplt. App., Vol. 2 at 229-30 (citations, brackets, and internal quotation marks omitted).  It concluded that Mr. Ziankovich's objections were not

6

"sufficiently specific," explaining that he was objecting "to the merits of the Hearing Board's Amended Opinion and his desire for [the district court] to overrule that opinion—not why the Magistrate Judge erred in ruling that issue preclusion should apply." *Id*. at 230. The district court therefore declined to review the magistrate judge's decision on issue preclusion de novo and instead reviewed the decision for clear error.

In his opening brief, Mr. Ziankovich does not address the district court's determination that his objections to the magistrate judge's decision were not sufficiently specific. In their response brief, defendants argue that Mr. Ziankovich has waived appellate review of the district court's summary judgment decision under the firm waiver rule by "fail[ing] to provide specific objections to the Magistrate Judge's issue preclusion analysis—the sole ground used by the district court to grant summary judgment." Aplee. Resp. Br. at 27. In his reply brief, Mr. Ziankovich asserts that whether he waived appellate review under the firm waiver rule "is not an issue for this Appeal, because the district court never put into basis of the decision this waiver." Aplt. Reply Br. at 2. We disagree. As discussed above and—as Mr. Ziankovich admits in his reply brief—the district court found his "'objection . . . insufficient to warrant de novo review.'" *Id*. (quoting Aplt. App., Vol. 2 at 230 (italics omitted)). The district court explained in its decision that it "agree[d] with Defendants" that "Plaintiff *waived* his right to *de novo* review because Plaintiff's objection to the Recommendation was too generalized to constitute a proper objection." Aplt. App., Vol. 2 at 229 (emphasis added). Contrary to

7

Mr. Ziankovich's position, the waiver issue was part of the basis of the district court's decision to review the magistrate judge's report and recommendation for clear error rather than to review it de novo.[4]  And Mr. Ziankovich was on notice that he needed to make timely and specific objections to the report and recommendation to preserve an issue for de novo review in the district court "*or for appellate review*" in this court.  *See id*. at 166 n.6 (emphasis added) (internal quotation marks omitted).

Mr. Ziankovich also argues—without citation to any authority—that if the defendants wanted to raise the firm waiver issue on appeal, they needed to file a cross-appeal.  He contends "they are not permitted to raise [the firm waiver issue] in [their] Response Brief, because it constitutes a new request for . . . appellate review." Aplt. Reply Br. at 2.  That assertion is not correct.  An appellee may raise the firm waiver rule in a response brief without filing a cross-appeal.  In *One Parcel*, for example, we considered the appellee's argument that the firm waiver rule should apply even though the district court had not applied the rule and the appellee had not filed a cross appeal.  *See* 73 F.3d at 1060.

Mr. Ziankovich does not dispute the district court's determination that his objections were not sufficiently specific nor does he provide any other argument supported by the facts and the law to avoid applying the firm waiver rule.

---

[4] According to Mr. Ziankovich, the district court "reviewed the decision *de facto* under [the] *de novo* standard."  Aplt. Reply Br. at 2.  That is Mr. Ziankovich's subjective interpretation of the district court's decision.  The district court expressly stated that it was reviewing the magistrate judge's decision for clear error.  *See* Aplt. App., Vol. 2 at 230, 231.

Accordingly, we apply the firm waiver rule as a bar to appellate review of the district court's summary judgment decision and dismiss that portion of his appeal, which covers the first three issues.

B. Appeal from the District Court's Rule 60(b) Decision

We next consider Mr. Ziankovich's appeal from the district court's denial of his Rule 60(b) motion, which we review for abuse of discretion. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007). Mr. Ziankovich did not identify in his motion under which of the six subsections in Rule 60(b) he was seeking relief. The district court, however, construed his motion as seeking relief under Rule 60(b)(1). That subsection permits relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In his motion, Mr. Ziankovich argued that the district court made a mistake by citing to a rule that did not exist in the Colorado Rules of Civil Procedure. He also argued that the district court clearly erred in finding that OARC had jurisdiction to prosecute him and in finding that the state agency could decide the question of its own jurisdiction, which he argued violated the test set forth in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966). Finally, he asserted that the district court clearly erred in determining that he was precluded from relitigating the issue of whether OARC had jurisdiction to discipline him because he was permitted to relitigate issues of law.

The district court denied the motion. The court first explained that Mr. Ziankovich was correct that it had "inadvertently cited to Colorado Rule of Civil

9

Procedure 8.5 when it meant to cite Colorado Rule of Professional Conduct 8.5." Aplt. App., Vol. 2 at 273. But the court further explained that this inadvertent citation mistake did not affect the court's conclusion that "OARC's regulatory jurisdiction includes attorneys licensed by other states who practice before federal courts and regulatory agencies in Colorado." *Id.* at 273-74. The court also rejected Mr. Ziankovich's argument that it had violated the *Utah Construction* test, noting that the "test does not require this Court to first determine whether the agency has jurisdiction to resolve the issue." *Id.* at 275-76 (internal quotation marks omitted).[5] Finally, the district court explained that it properly relied on Tenth Circuit precedent in *Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004), in concluding "that the State Disciplinary Action meets the *Elliott* test, and as such, under Colorado issue preclusion law, the Hearing Board's Amended Opinion, as affirmed by the Colorado Supreme Court, bars Plaintiff's Federal Action, including the relitigating of subject matter jurisdiction." *Id.* at 277. In doing so, the court noted that "[n]either

---

[5] The Supreme Court reiterated the *Utah Construction* test in *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986), and so the test is also referred to as the *Elliott* test. We described the test as follows:

> [W]hen a state agency (1) acts in a "judicial capacity"; (2) resolves "disputed issues of fact properly before it"; and (3) the parties have had an "adequate opportunity to litigate" the issue, we will grant the state agency's decision preclusive effect to the extent that it would have received preclusive effect in state court.

*Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004) (quoting *Elliott*, 478 U.S. at 799).

10

Plaintiff's argument nor his reliance on Fifth Circuit precedent dispels the Court's reasoning." *Id.*

On appeal, Mr. Ziankovich argues that the district court judge is biased against him because she rejected his Rule 60(b) arguments and refused to amend her summary judgment order even in indisputably mistaken parts. In particular, he asserts that the district court was required to at least make corrections to the misstated rules, such as where the court cited to Colorado Rule of Civil Procedure 8.5 instead of Colorado Rule of Professional Conduct 8.5. He also states that the district court judge has been "biased at least since January 2018, when the previous appeal in this case was filed." Aplt. Opening Br. at 30.

"Normally, a party alleging judicial bias should move for recusal, and must do so in a timely fashion." *United States v. Nickl*, 427 F.3d 1286, 1297 (10th Cir. 2005) (internal quotation marks omitted). Mr. Ziankovich never filed a motion for recusal. But even considering his allegations of bias, he only points to adverse rulings as evidence of bias and "adverse rulings . . . do not in themselves support a bias charge." *Id*. at 1298.

We have explained that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Davis*, 507 F.3d at 1248 (internal quotation marks omitted). And we have further explained that "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id*. (internal quotation marks omitted).

11

Mr. Ziankovich has failed to show that the district court abused its discretion in denying his Rule 60(b) motion.

III.  Conclusion

We dismiss Mr. Ziankovich's appeal from the district court's summary judgment decision.  We affirm the district court's denial of his Rule 60(b) motion.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

12